IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JENNIFER KIMBROUGH, LYNETTE
FRANKS, ANTHONY WEEKS, CHARLES
WILLINGHAM, MELISSA FRYE,
ANGELA GABLE, AND JARIR JACKSON,

        PlaintiffS,

v.                              Civil Action No. CV-00-J-1844-S

HARDEN MANUFACTURING CORP.,

        Defendant.

ENTERED
AUG  9 2001

## MEMORANDUM OPINION

This cause comes before this court on defendant's motion for judgment on the pleadings or in the alternative for summary judgment (doc. 7). As the court has allowed matters outside the pleadings, this motion shall be treated as one for summary judgment. Fed.R.Civ.Pro. 12(c). This motion presents two issues: whether two of the plaintiffs, Kimbrough and Franks, are barred by res judicata; and whether the plaintiffs' termination for refusing to waive their statutory rights to trial by jury can be considered unlawful retaliation.

### Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the



moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.,* 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-moving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed.R.Civ.Pro. 56(e). In meeting this burden the non-moving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.Pro. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson*, 477 U.S. at 249. The non-movant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark v. Coats & Clark, Inc.*, 929

F.2d 604, 608 (11th Cir.1991). A factual dispute regarding a non-material issue will not preclude the defendant from succeeding on a motion for summary judgment. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir.1991).

On motions for summary judgment, the court shall construe the evidence and factual inferences arising therefrom in the light most favorable to the non-moving party. See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All "reasonable doubts" about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). However, all "doubts" need not be so resolved. *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987).

A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.* at 249. The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Holcombe v. Alabama Dry Dock & Shipbuilding*, 1998 WL 758012 (S.D.Ala.); citing *Anderson*, 477 U.S. at 251-252.

## Analysis

The plaintiffs were all employed by Harden Manufacturing Corporation

("Harden") prior to January 1999. On or about January 8, 1999, the plaintiffs were told that they had to sign an arbitration agreement in order to remain employed by Harden. The plaintiffs refused to sign and were terminated.

The arbitration agreement stated "we choose arbitration instead of litigation . . . we prefer to resolve our disputes through arbitration." (Plaintiff's Ex. A). The agreement specifically applied to "all contract, tort, workmen's compensation, retaliatory discharge, Title VII claims or actions, and all actions based upon any form of discrimination." *Id.* Plaintiffs refused to sign the agreement because they did not want to be forced into surrendering their rights to a jury trial.[1]

On February 2, 1999, Jennifer Kimbrough ("Kimbrough") and Lynette Franks ("Franks") filed an action in the Circuit Court of Winston County alleging their discharges by Harden constituted intentional infliction of emotional distress, conspiracy, negligence, and wanton conduct. On July 6, 2000, Winston County Circuit Court Judge Carlton Mayhall, Jr. granted the defendants' motions to dismiss and for summary judgment. (Defendant's Ex. A). Plaintiffs filed this action on June 30, 2000. (Complaint).

Defendant argues that plaintiffs Kimbrough and Franks are barred by res judicata. The doctrine of res judicata bars claims which were or could have been adjudicated in a previous action. *Dairyland Insurance Company v. Jackson*, 566 So.2d 723, 725 (Ala.

---

[1] Defendant agrees with the factual allegations found in plaintiffs' complaint. (Defendant's Memorandum p.2).

1990). The requisite elements to establish res judicata are: "(1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both suits." *Jackson*, 556 So. 2d at 725. "[I]f a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, . . . the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata." *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1503 (11th Cir. 1990).

Kimbrough and Franks could have brought their present claims in the previous state action. *Yellow Fright Sys., Inc. v. Donnelly*, 494 U.S. 820, 823 (1990); *Reed v. Heil Co.*, 206 F.3d 1055, 1058 (11th Cir. 2000); *E.E.O.C. v. Kidder, Peabody & Co., Inc.*, 156 F.3d 298, 300 (2d Cir. 1998). The elements of res judicata are met therefore defendant's motion for summary judgment regarding plaintiffs Kimbrough and Franks is due to be **GRANTED**.

Plaintiffs concede their claim for worker's compensation retaliation is an extension of Alabama worker's compensation retaliation doctrine. (Plaintiff's Opposition p. 11). Section 25-5-11.1 of the Alabama Worker's Compensation Act states: "[n]o employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover worker's compensation benefits." The court recognizes the statute is not limited strictly to causal related terminations. *See McClain v. Birmingham Coca-Cola Bottling Co.*, 578 So.2d 1299 (Ala. 1991). However the present facts do not indicate any threats or fear of

termination for filing for worker's compensation . The present action simply does not involve worker's compensation. Therefore defendant's motion is due to be **GRANTED** with respect to plaintiffs' claims for worker's compensation retaliation.

Plaintiffs remaining claims are for retaliation under Title VII, the ADEA, and the ADA.[2] A prima facie retaliation case consists of four elements: (1) that the plaintiff engages in statutorily protected activity, (2) that the employer was aware of that activity, (3) that the plaintiff experienced an adverse employment action, (4) that the adverse action was causally related to the protected activity. *Maniccia v. Brown*, 171 F.3d 1364, 1369 (11th Cir. 1999).

The issue before this court is whether refusing to waive federal statutory rights to jury trials equals statutorily protected activity. Opposition to lawful conduct can constitute protected activity if that opposition is based on a good faith and reasonable belief that the conduct is unlawful. *Harper v. Blockbuster,* 139 F.3d 1385, 1388 (11th Cir. 1998); *Little v. United Technologies, Carrier Transicold Division,* 103 F.3d 956, 960 (11th Cir. 1997); *Rollins v. State of Fla. Dept. of Law Enforcement,* 868 F.2d 397, 400 (11th Cir. 1989).

> [A] plaintiff can establish a prima facie case of retaliation . . . if he shows that he had a good faith, reasonable belief that the employer was engaged in unlawful employment practices. It is critical to emphasize that a plaintiff's burden under this standard has both a subjective and an objective component. . . . [T]he allegations and record must also indicate that the belief, though perhaps mistaken, was objectively reasonable.

---

[2] Defendant and plaintiffs agree that for purposes of this motion, the retaliation analysis under these three statutes is essentially the same. (Defendant's Reply p.2 n.3).

*Little,* 103 F.3d at 960 (internal citations omitted). Defendant argues that plaintiffs were unreasonable to believe that an employer could not give an employee the ultimatum: lose your jury rights or lose your job.

The court disagrees. These plaintiffs were faced with the difficult decision to sign a document stating they "prefer[red] to resolve our disputes through arbitration" or lose their jobs. (Plaintiff's Ex. A). Plaintiffs apparently thought that since Congress had gone to so much trouble to provide these rights, employers could not simply destroy them with such demands. The court finds that such belief is reasonable for these laymen. Defendant argues that because arbitration agreements have been enforced in the employment context that the belief is unreasonable. However it is clear that a prima facie retaliation case can stem from opposition to lawful conduct. *Little v. United Technologies, Carrier Transicold Division,* 103 F.3d 956, 960 (11th Cir. 1997).

The reasonableness of plaintiffs' belief is verified by the EEOC's position that imposing arbitration as a condition of employment violates public policy. *See* EEOC notice, No. 915.002 (July 10, 1997). Defendant argues that the EEOC's position is simply "erroneous and irrelevant". The court agrees that the EEOC's policy does not carry legal weight. However, the fact that the government agency in charge of enforcing the civil rights statutes has taken this position is an important factor for the court to consider when determining whether plaintiffs' position is a reasonable one.

This case is clearly distinguishable from *Harper v. Blockbuster.* 139 F.3d 1385, 1388 (11th Cir. 1998). In *Harper,* the Eleventh Circuit held that opposing grooming

policies was not protected conduct because it was unreasonable for men to believe an employer could not ask them to cut their hair. 139 F.3d at 1388. The *Harper* court explained that every Circuit and the EEOC had agreed that employers could have grooming policies. *Id.* That is clearly different here. *See Duffield v. Robertson Stevens & Co.,* 144 F.3d 1182 (9th Cir. 1998); EEOC notice, No. 915.002 (July 10, 1997). In addition to the different legal position, the reality and common sense distinction between an employer asking employees to cut their hair compared to an employer demanding its employees to forgo their statutory jury rights or face termination distinguishes the present action from *Harper*.[3] The court disagrees with defendant's position that plaintiffs' belief was unreasonable therefore defendant's motion is due to be **DENIED** with respect to plaintiffs' claims for retaliation.

**DONE** and **ORDERED** this 9 day of August 2001.

_____
INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE

---

[3]The court also finds the present action distinguishable from *Desidero v. Nat'l Ass'n of Secuitites Dealser, Inc..* 191 F.3d 198 (2d Cir. 1999) *cert denied,* 121 S.Ct. 756 (2001). That case involved arbitration as a condition of hire and the arbitration demand was from a quasi-controlling third party.